# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Richard Crisman | ) | Case No.  23-MJ-597 JMR |
| Date of Birth: XXXXXXXX | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 7, 2021** in the county of **Bernalillo** in the
_____ District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2256 | Possession of Child Pornography |

This criminal complaint is based on these facts:

See Affidavit, attached hereto and incorporated herein.

☑ Continued on the attached sheet.

*Complainant's signature*

Cristina Sandoval, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 4, 2023

*Judge's signature*

City and state: Albuquerque, New Mexico    Jennifer M. Rozzoni United States Magistrate Judge
*Printed name and title*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

IN THE MATTER OF THE ARREST OF:

Richard Crisman (YOB 1984)

Case No. _____

### AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Cristina Sandoval, being duly sworn, depose and say:

### INTRODUCTION AND BACKGROUND OF THE AFFIANT

1. I make this Affidavit in support of a criminal complaint and arrest warrant charging RICHARD CRISMAN (YOB 1984) with violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256, Possession of Child Pornography.

2. I am a Special Agent ("SA") of the Federal Bureau of Investigation ("FBI") and have been so employed since June 2016. I am recognized as a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure ("FRCP") 41(a)(2)(C). I am currently assigned to the Child Exploitation Human Trafficking Task Force ("CEHTTF") in Albuquerque, NM, where my responsibilities include investigating child exploitation and child sex trafficking offenses. I have previously been assigned to the Violent Crime, Counterintelligence, and Transnational Organized Crime squads. I have worked cases involving national security matters, drug trafficking organizations, bank robberies, Hobbs Act violations, and sexual assault of minors on federal property. I have received on the job training from other experienced agents and law enforcement officers. My investigative training and experience includes, but is not limited to: conducting surveillance, interviewing subjects, writing affidavits for search and arrest warrants, collecting evidence, learning legal matters, and attending trainings for Internet Crimes Against Children and Human Trafficking training. I have previously participated in child exploitation investigations and search warrants.

3. The statements in this Affidavit are based on my own investigation, training, and experience, as well as information for other law enforcement officers and reliable sources. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts which I believe are necessary to establish probable cause to support obtaining a criminal complaint against CRISMAN, for a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256, Possession of Child Pornography.

## RELEVANT LEGAL DEFINITIONS

4. The following terms are relevant to this Affidavit in support of this application for a criminal complaint:

    a. *Child Pornography*: The term "child pornography" is defined at 18 U.S.C. § 2256(8). It consists of visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. See 18 U.S.C. §§ 2252 and 2256(2), (8).

    b. *Minor*: The term "minor" means any person under the age of eighteen years. *See* 18 U.S.C. § 2256(1).

    c. *Sexually Explicit Conduct*: The term "sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal,

whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. See 18 U.S.C. § 2256(2)

## SUMMARY OF PROBABLE CAUSE

5.  On May 14, 2013, Richard D. CRISMAN was sentenced in the District of New Mexico for Receipt of a Visual Depiction of Minors Engaged in Sexually Explicit Conduct to 97 months of imprisonment followed by 25 years of supervised release, in cause number 1:11CR02281-001JB. On the same date, the Court imposed the following special conditions as part of his supervised release:

> The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting weapons, illegal substances, and any illegal contraband including grooming items at the direction of the probation officer. He must inform any resident that the premises may be subject to a search.
>
> The defendant shall consent to the United States Probation Office conducting periodic unannounced examinations of his/her computer(s), hardware, and software which may include retrieval and copying of all data from his/her computer(s). This also includes the removal of such equipment, if necessary, for the purpose of conducting a mor through inspection.
>
> The defendant shall consent, at the direction of the United States Probation Officer, to having installed on his/her computer(s), any hardware or software systems to monitor his/her computer use. The defendant understands that the software may record any and all activity on his/her computer, including the capture of keystrokes, application information, Internet use history, e-mail correspondence, and chat conversations. Monitoring will occur on a random and/or regular basis. The defendant further understands that he/she will warn others of the existence of the monitoring software placed on his/her computer.

6.  On November 28, 2018, CRISMAN reported to the United States Probation Office ("USPO") with his computer for the purpose of installing Internet Probation and Parole Control Inc., ("IPPC") software to monitor his computer usage. CRISMAN installed the IPPC software from the instructions provided by the USPO.

7. On or about November 28, 2018, pursuant to CRISMAN's conditions of supervised release, the USPO started monitoring CRISMAN's internet activity.

8. On or about April 7, 2021, the USPO conducted a routine field visit to CRISMAN's residence in Rio Rancho, New Mexico, which is located within the District of New Mexico. During the visit, the USPO noticed that CRISMAN had an external USB device ("DEVICE 1") plugged into his laptop computer ("DEVICE 2"), which was open and observed by USPO in CRISMAN's bedroom. The USPO asked CRISMAN about DEVICE 1 and CRISMAN stated it contained work materials. The USPO asked CRISMAN to open DEVICE 1 and show the officers the data but CRISMAN said he was unable to access DEVICE 1. Pursuant to CRISMAN's conditions of release, the USPO confiscated DEVICE 1 and turned it over to a USPO cybercrime specialist for review.

9. After reviewing DEVICE 1, the UPSO cybercrime specialist determined that there was a large file containing the secondary Operating System ("OS"). It appeared that the secondary OS installed on DEVICE 1 was used to bypass the USPO's IPPC monitoring program.

10. The cybercrime specialist also observed numerous digital images of suspected child sexual abuse material ("CSAM") contained on DEVICE 1.

11. The images the cybercrime specialist observed during the initial review were primarily minor females estimated between the ages of four to 14. The images contained sexually explicit conduct in that the images depicted the lascivious display of the minors' genitalia, and some depicted actual or simulated sexual acts between adults and minors. The depicted minors lacked physical development of breasts or pubic hair and their physical size was consistent with that of children in the above-mentioned age range. In multiple images, females appearing to be less than 12 years of age were engaged in fellatio with an erect adult male penis. Upon making the above

discoveries, the USPO forensic examination was terminated. The USPO preserved data extractions of DEVICE 1 on two external USB drives, ("DEVICE 3" and "DEVICE 4"), which were property of USPO.

12. Based on the examination of DEVICE 1 and pursuant to the conditions of CRISMAN's supervised release, on May 21, 2021, the USPO conducted a search of CRISMAN's residence and property located in Rio Rancho, New Mexico. During the search of CRISMAN's residence, he admitted to utilizing the secondary OS to access the dark web. He further admitted that he circumvented the IPPC monitoring because he did not want anyone observing what he was viewing on the dark web. CRISMAN denied accessing any illegal or inappropriate material. The USPO confiscated DEVICE 2, CRISMAN's laptop, which was the computer that DEVICE 1 was plugged into when DEVICE 1 was confiscated by USPO on April 7, 2021. DEVICE 2 is a Hewlett Packard laptop computer.

13. On or about June 3, 2021, the Court issued a federal arrest warrant for CRISMAN for a supervised release violation based on results of USPO examination of DEVICE 1. On or about June 7, 2021, the United States Marshal Service ("USMS") arrested CRISMAN at his employer in Albuquerque, New Mexico. During a search incident to CRISMAN's arrest, a micro-SD Card with adapter ("DEVICE 6"), was located on CRISMAN's person by a Deputy United States Marshal, hereinafter "Deputy". The Deputy asked CRISMAN if he had any additional property inside his workplace. CRISMAN told the arresting Deputy that he did not have any property remaining inside the business office. Upon entering the business, another employee handed the Deputy an Apple iPad ("DEVICE 5") and three micro-USB drives ("DEVICE 7", "DEVICE 8", and "DEVICE 9") that belonged to CRISMAN.

14.  DEVICES 1 – 9 were subsequently provided to the Federal Bureau of Investigation (FBI) and maintained in secure custody at 4200 Luecking Park Ave NE, Albuquerque, New Mexico and 901 University Blvd SE, Albuquerque, New Mexico. On July 2, 2021, a search warrant was issued by the United States District Court for evidence of violations of 18 U.S.C. § 2252(A).

15.  On September 1, 2021, a forensic examination of DEVICE 1, DEVICE 2, and DEVICES 6-9 were completed by the New Mexico Regional Computer Forensics Laboratory. A review of the forensic examination located numerous CSAM images and videos on DEVICE 7-9. The search confirmed that the devices contained many images like the ones first observed by the USPO cybercrime specialist on CRISMAN's devices. The images found on the RCFL's search of CRISMAN's devices also depicted the lewd and lascivious exhibition of the genitals of children under the age of twelve and children engaged in sex acts. Forensic examination indicated that DEVICE 7 and DEVICE 9 had been connected to DEVICE 2 while utilizing the secondary OS.

## INTERSTATE NEXUS

16.  I believe the element of "in or affecting interstate or foreign commerce" is satisfied for a violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2256, Possession of Child Pornography.

17.  In my training and experience, the Hewlett Packard laptop is from a company based in California and manufactured in China. The SanDisk flash media is from a company based in California and manufactured in Malaysia. In order for CRISMAN to possess the laptop and flash media, the devices traveled in interstate and foreign commerce. CRISMAN also acquired the contraband by accessing the Internet, which is an instrumentality of interstate and foreign commerce.

## CONCLUSION

18. Based on the above information, I believe there is probable cause to believe that CRISMAN violated 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography.

19. This affidavit has been reviewed by Assistant United States Attorney Anderson Hatfield.

20. I declare that the foregoing is true and correct to the best of my knowledge.

*Cristina Sandoval*
Cristina Sandoval
FBI Special Agent

Electronically Submitted and Telephonically Sworn on the 4th of April 2023:

*Jennifer M. Rozzoni*
THE HONORABLE JENNIFER M. ROZZONI
UNITED STATES MAGISTRATE JUDGE